IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARY OUART, Individually and as the Personal Administrator of the Estate of Joe Wesley Hart, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CIV-08-1040-D |
| MICHAEL FLEMING, Individually and in his official capacity; LT. RICK IRWIN, Individually and in his official capacity; JOHN DOE 1, a casino security employee; JOHN DOE 2, a casino security employee; JANE DOE 1, a casino security employee; and KURT SHIREY, in his official capacity, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is the Motion for Summary Judgment [Doc. No. 43] of Defendant Kurt Shirey, who is sued in his official capacity as Sheriff of Pottawatomie County, Oklahoma ("Sheriff Shirey"). Plaintiff has timely responded, and Defendants Michael Fleming and Lt. Rick Irwin have jointly filed a response.

Plaintiff brings this action in her individual capacity and as the Personal Representative of Joe Wesley Hart. According to the allegations, Mr. Hart died as a result of injuries sustained during a January 6, 2007 confrontation with officers of the Citizen Potawatomi Nation's tribal police force at the FireLake Casino in Pottawatomie County, Oklahoma. It is not disputed that the FireLake Casino (the "Casino") is owned by the Citizen Potawatomi Nation, a federally recognized Indian tribe (the "Tribe"); the Casino is located on Indian land. Plaintiff's federal claims are based on 42 U. S. C. § 1983; she alleges that Fleming and Irwin restrained Mr. Hart without a warrant or

probable cause and used excessive force in doing so, thereby violating Mr. Hart's constitutional rights. She also alleges they deprived him of medical care. In addition to Fleming and Irwin, she names as defendants three Casino security personnel, identified as John Doe and Jane Doe defendants.

Plaintiff also seeks to hold Sheriff Shirey liable for the conduct of Fleming and Irwin, arguing that they were acting under Shirey's supervision and authority at the time of the incident; she also alleges they were carrying out the policies and procedures of the Pottawatomie County Sheriff's office at that time. In addition to her § 1983 claims, she also asserts pendent state law claims against Sheriff Shirey, alleging that he is liable for negligently failing to train and supervise Fleming and Irwin.

In a separate Order [Doc. No. 51], the Court has entered its ruling on the Motion to Dismiss [Doc. No. 37] filed by Defendants Fleming and Irwin, seeking dismissal pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Court lacks subject matter jurisdiction over the claims asserted against Fleming and Irwin. Fleming and Irwin argued that the doctrine of Tribal immunity deprives this Court of subject matter jurisdiction because, at all times relevant to Plaintiff's claims, they acted in their capacities as Tribal police officers. As set forth in the separate Order, the Court converted their motion to a motion for summary judgment and granted the motion, concluding that the undisputed evidence in the record establishes Fleming and Irwin are entitled to tribal immunity on the claims asserted against them in their official capacities because, at all times relevant to Plaintiff's claims, Fleming and Irwin were acting in their capacities as police officers of the Tribe and not on behalf of the Pottawatomie County Sheriff's office. The Court further found that there is no evidence that Fleming and Irwin engaged in conduct sufficient to constitute state action, an essential

element of Plaintiff's § 1983 claims.

The Court adopts and incorporates the Order granting the motion of Fleming and Irwin as though fully set forth herein. Because the Court has concluded that Fleming and Irwin were acting as Tribal police officers rather than as deputies of Sheriff Shirey, the facts and the law discussed in the separate Order compel the conclusion that Sheriff Shirey is not liable as a matter of law. Accordingly, he is entitled to judgment on Plaintiff's § 1983 claims against him in his official capacity. With respect to the pendent state law claims, the same conclusion applies because Fleming and Irwin were not acting as employees of Sheriff Shirey or the Pottawatomie County Sheriff's office. Sheriff Shirey's liability for the pendent tort claims asserted by Plaintiff requires a showing that Fleming and Irwin acted within the scope of their employment with Pottawatomie County; the evidence establishes that Plaintiff cannot present a material factual dispute on that issue because Fleming and Irwin were acting as employees of the Tribe. Sheriff Shirey cannot be liable for their conduct under any state law claim asserted by Plaintiff.

For the foregoing reasons and the reasons discussed in detail in the separate Order incorporated herein, Sheriff Shirey's summary judgment motion [Doc. No. 43] is GRANTED.

IT IS SO ORDERED this 29th day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE